IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY MARTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:20-CV-00276-MAB |
| ) | |
| **CENTRAL STATE CONSTRUCTION,** ) | |
| **INCORPORATED,** ) | |
| ) | |
| **Defendant.** | |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Gary Martin originally filed this matter pursuant to diversity jurisdiction, 28 U.S.C. §1332, on March 16, 2020 alleging seven Illinois state-law claims, including fraud, constructive fraud, fraud by concealment, negligent misrepresentation, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress (Docs. 1, 19). After entering the Scheduling Order in this matter on June 26, 2020 (Doc. 26), Defendant Central State Construction, Incorporated filed a motion in limine on August 5, 2020, seeking to exclude certain video and audio recordings made by Plaintiff (Doc. 27). This motion in limine was denied without prejudice because it was filed prematurely (Doc. 29). After meeting with the parties, the Court allowed an alternative briefing schedule for the motion in limine, detailing that Defendant should file a renewed motion in limine on or before December 11, 2020 with Plaintiff's response in opposition due on or before January 11, 2021 (Doc. 33).

Presently before the Court is Defendant's renewed motion in limine, filed on December 10, 2020 (Doc. 34). Plaintiff filed a response to the motion in limine, admitting the motion is meritorious (Doc. 36). Accordingly, Defendant's motion in limine is GRANTED.

Defendant's motion in limine requests the Court to exclude and prohibit any use of certain evidence obtained by Plaintiff as Defendant argues said evidence violates the Illinois eavesdropping statute. *See* 720 ILCS 5/14-1, *et seq*. Specifically, Defendant requests that three video recordings made at a meeting that occurred at Defendant's place of business, as well as one telephone conversation recording between Plaintiff and Defendant's sole shareholder, Larry Yargus, on or around May 23, 2018, be excluded completely from discovery (Doc. 34).

Defendant argues, and Plaintiff does not oppose, that these four recordings constitute "private conversations" within the meaning of 720 ILCS 5/14-1(d) as Plaintiff is an "eavesdropper" within the meaning of 720 ILCS 5/14-1(b), using his cell phone and digital recording device to make these recordings, which in turn constitute as "eavesdropping devices." *See* 720 ILCS 5/14-1(a). Plaintiff secretly recoded these conversations without the consent of all parties, violating the eavesdropping statute (Doc. 34). Per the statute, these recordings are not admissible evidence. *See* 720 ILCS 5/14-2(a)(2) & (5); 5/14-5.

As Plaintiff does not oppose Defendant's motion, the Court GRANTS Defendant's motion in limine (Doc. 34) and the parties are prohibited from using, referring to, interrogating about, or attempting to convey to anyone (including the jury) any

information regarding the recordings in this matter.[1]  Any reference to this motion or the fact Defendant sought to preclude this evidence *in limine* is also prohibited.

**IT IS SO ORDERED.**

**DATED: January 29, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[1] Defendant's "WHEREFORE" clause asks the Court to prohibit the use of the video/audio recordings in this matter or *any other related matter*. The Court is unsure what other related matters Defendant may be referring to, if any, but the Court's Order is limited to this case and the motion in front of it. In other words, the Court cannot pass on a case or controversy not presently before it or bind parties to a case in the abstract.